RIDGELY et al. v. FIRST NAT. BANK.

(Circuit Court, D. Wyoming.  July 21, 1896.)

1. CHATTEL MORTGAGE BY FIRM—VALIDITY.
    An instrument which on its face purports to be a mortgage of personal property by a firm, but is invalid as such because not executed by all the members of the firm, as required by the Wyoming act of 1890, is not effective in any way, either as conveying the entire interest of the firm in the partnership property or of the individual members who have signed it.

2. SAME—RATIFICATION.
    Nor can the instrument be ratified by the partner whose name was omitted.

3. SAME—RIGHT TO ATTACK.
    A purchaser from the mortgagor may attack a mortgage as void because not properly executed.

This was a case brought by the plaintiffs against the defendant to recover the sum of $14,000, by reason of the alleged conversion by the defendant of some cattle belonging to the firm of Montgomery, Swan & Co., a co-partnership, upon which the plaintiffs, at the time of the alleged conversion, held a chattel mortgage.   Some time in the year 1891, two members of the firm of Montgomery, Swan & Co. executed a chattel mortgage upon all of the cattle owned by the co-partnership, to secure a firm indebtedness to the plaintiffs of $60,000.   The members of the firm signing the instrument were Montgomery and Brinkerhoff.   The third member of the firm, Thomas J. Swan, did not sign the mortgage, but subsequently attempted to ratify its execution.   At the time the mortgage to the plaintiffs was executed by Montgomery and Brinkerhoff, the firm of Montgomery, Swan & Co. was indebted to the defendant bank in the sum of about $13,000, and the bank induced the firm to turn over to it a sufficient number of the cattle covered by the mortgage to satisfy its claim against the firm.   The plaintiffs thereupon brought this suit to recover the proceeds of the sales of the cattle sold by the bank.

Burk & Fowler, for plaintiffs.
Lacey & Van Devanter, for defendant.

HALLETT, District Judge (orally).   The statute of this state relating to chattel mortgages was enacted in 1890.   A long time prior to that there had been a conflict of opinion in the courts of the country at large as to the making of chattel mortgages by co-partnerships; what would be necessary to a valid mortgage; whether all the members of the co-partnership should sign the instrument.   In some courts it was held that it was necessary all should sign.   In other courts it was held that only those who were present when the mortgage was made should sign.   In some courts it was held that a mortgage might be signed by one or more, with the assent of all.   In other courts one or more might sign even when the others were present and objecting to the making of the mortgage.   It is clear that, in view of the conflict of authority,

the legislative assembly of this state deemed it wise to declare a rule in clear and explicit terms; and the language which they used in section 2 is full and clear in every sense.    They declare that each and every member of the co-partnership shall execute and acknowledge the mortgage or other instrument of that character for and on behalf of the co-partnership.    And, as if this was not enough, they then state in a proviso that a co-partnership name as mortgagee may be used without enumerating the members thereof.    And, as if this was not enough, they declare in section 4 that, although the mortgage might be taken by the co-partnership in its co-partnership name, it could only be released, satisfied, and discharged, or assigned, transferred, and set over, by all the members of the co-partnership; that is to say, although the mortgage could be taken in the co-partnership name, when it came to the matter of assignment, and to the matter of releasing it, discharging it, all members must join in that act.    This is the provision about which there is no room for discussion.    There can be no valid mortgage of co-partnership property except by an instrument which shall be executed by all members of the co-partnership.    I do not agree with counsel that an instrument executed by part of the members of the co-partnership may be a mortgage of the interest of those members in the co-partnership property.    In order to have a mortgage of that character, it would be necessary that the instrument on its face should purport to be a mortgage of the interests of the co-partners signing it.    A mortgage which on its face is made to be a mortgage of the entire partnership property, and is signed by some of the members of the partnership, but not all, is, in my judgment, under this statute, a void instrument, of no force and effect, either of the partnership property, or the interest of the persons signing it in the partnership property.    Sections 5, 6, 7, and 10 of this act provide for filing for record a mortgage executed under the act, and the effect of the mortgage which shall not be put on record or filed.    A mortgage which is made according to the terms of the act, and is not put on record, is declared to have force and effect as to all persons acquiring interest in the property with notice of its existence. When they have not such notice, it shall not be effectual as to them. In other words, being recorded according to the provisions of the law, the mortgage is effectual as to all persons.    If not so recorded, it is effectual only as to those who have notice of it.    These sections apply only to those mortgages which are made according to the preceding sections of the law.    If a mortgage be not so made and acknowledged as required in the law, then it cannot have effect in any way.    That I understand to be according to the current of authority. There may be some difference in the courts of the several states whether some one of the requirements of the statute may not be omitted, and still the instrument be valid against persons having notice of it.    The courts of Illinois and Colorado are to the point that all requirements of the statute must be observed in order to affect a person having notice of the instrument.    But there are substantial matters which I think all courts agree must be in the instrument; must be observed in its preparation and execution, in order to make a mort-

gage for any purpose; as, for illustration, in this act (first section), no instrument shall operate as a chattel mortgage unless it shall state distinctly upon its face that it is intended for security, and shall also stat, the amount for which said instrument is executed. I suppose under this act no instrument could be regarded as a mortgage if it should omit such matters of substance; and so as to the other provisions.

In view of all that has taken place with respect to mortgages made by co-partnerships before the passage of this act, the omission of the signature of any one of the partners from the instrument makes it one which cannot at all be regarded as valid under the act; and this explains very fully all that needs to be said upon the question of ratification. There can be no ratification of such an instrument as this, because it was not valid in the beginning. The gentleman whose name was omitted from the instrument (Mr. Swan) might have completed it at any time by putting his signature to it. He never could ratify it in any way whatever until his signature should be put to it. If his name had been signed by one not authorized at the time the mortgage was made, he might afterwards have ratified the signature, so as to make it his in the beginning, and in that instance there would have been a ratification. In the form in which the instrument appears at this time, it was, in my judgment, incapable of ratification by him, because his signature was not attached, and a paper afterwards executed by him cannot be regarded as a ratification.

As to what was said by counsel as to the position of a creditor in attacking a chattel mortgage, to the effect that one must have process, and must appear in the attitude of a creditor, I think that applies to the case of a mortgage which may be recognized as such. Where it is alleged that the mortgage was fraudulently made, and it appears upon its face to be a valid mortgage, the one who attacks it must be a creditor. If he be a purchaser, he cannot attack it, because in that case, there being a mortgage which is valid on its face, he stands in the shoes of the vendor. The case cited in 120 U. S. 556, 7 Sup. Ct. 679 (Bank v. Bates), and several other cases, are of this class.

I do not think it necessary to quote the authorities cited by counsel. I believe I have examined nearly all of them. The subject is very clear in my mind as I have expressed it. I do not regard this mortgage as a valid instrument under the statute for the want of the signature of Mr. Swan. I think it was never a mortgage of the co-partnership property, and that it did not convey to the plaintiffs any interest whatever in the co-partnership property. I therefore think it my duty to exclude it from the testimony. It follows that there must be an instruction to the jury to find for the defendant, and upon that counsel can take a bill of exceptions.